Mrs. Emma Pabst, Appellant, v. Hillman's, Appellee.

Gen. No. 39,781.

Opinion filed February 2, 1938.

KROHN & MACDONALD, of Chicago, for appellant; STUART B. KROHN, of counsel.

ROBERTSON, CROWE & SPENCE, of Chicago, for appellee; BURT A. CROWE, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment *non obstante veredicto* entered by the trial judge after the jury had returned a verdict finding the defendant guilty and assessing plaintiff's damages at $1,000 for personal injuries which plaintiff claims to have received while upon the premises of the defendant.

Plaintiff's claim alleges in substance that on May 27, 1935, she was in the store operated by defendant, upon the implied invitation of defendant to plaintiff and other persons to enter said store and purchase merchandise offered therein for sale and while in the exercise of proper care for her own safety, she slipped and fell as she stepped on a string bean which was lying in one of the aisles of said store and plaintiff was severely injured.

Plaintiff's theory of the case is and the evidence tends to show that on the day and date aforesaid she was present on the premises of defendant upon the invitation of defendant as a customer; that prior to her entrance into defendant's store, defendant had placed closely adjacent to the aisle where its patrons were forced to walk to go from one department to another, a large uncovered hamper of string beans so completely filled that the contents were piled above the rim of the hamper; that immediately adjacent to the hamper in question a quantity of the string beans were lying on the floor, apparently having fallen out of the hamper; that the string bean upon which plaintiff fell was on the floor in the vicinity of the hamper with other string beans on the floor; that as a direct result of plaintiff's fall, she sustained serious injuries and incurred medical expenses amounting to $200; that she was incapacitated for almost a year because of her fractured leg and that there is a permanent partial disability.

No evidence was introduced by defendant excepting the deposition of plaintiff taken in defendant's attor-

ney's office, and no contention is made as to the pleadings or as to the instructions given. The sole question before us for consideration is: Did the evidence of plaintiff sustain the verdict of the jury?

Dr. Seidler, a witness on behalf of plaintiff, testified that he lived at 443 Wrightwood avenue and his office address was 55 East Washington street; that he was a physician and surgeon and a graduate of Imperial University in Austria in 1914, where he had been a physician; that he treated plaintiff in the spring of 1935 at her home; that upon examining her leg he found a large swelling around the right ankle and blue discoloration, with what is called false motion and some crepitus,— the grating sound when two bony surfaces rub each other, with a very distinct tenderness over the area of crepitus; that the bone had to be set and immobilized; that plaintiff was taken to the hospital and the bones were brought in right position to each other and then a plaster of Paris cast applied to the leg from the toe up to above her knee; that it was in the first cast four weeks and then the cast was changed and another put on for two weeks and then the leg taped up for a few more weeks after which heat therapy treatment was given.

Dr. Seidler further testifying stated that the fibula was broken as well as the tibia of the leg and the attachments and ligaments to the bone were torn loose from the bone; that the injured bone was very close to the joint and the ankle bone itself was injured and filled with blood due to this condition and the joint itself was changed, some adhesions formed; that the smooth callus that should cover the joint was not smooth any more; that when you let the joint move there is some grinding in the bone; that this condition is called arthritis and it is a chronic permanent arthritis due to the injury to those joint structures; that it is a permanent disability; that he made a charge

of $215 for his services, which is the customary charge for such services according to the "blue book of the medical society."

At the conclusion of plaintiff's evidence a motion was made by defendant to take the case from the jury and peremptorily instruct the jury to find defendant not guilty, which written motion was refused. Thereupon the defendant rested without introducing any evidence in its behalf except as before stated. A written motion was made by defendant at the conclusion of all the evidence to take the same from the jury and peremptorily instruct the jury to find the defendant not guilty with tendered instructions and with ruling of the court reserved. The instruction to find the defendant not guilty was denied.

The jury returned a verdict in favor of plaintiff for $1,000, and thereafter a motion was made by defendant notwithstanding the verdict for judgment against plaintiff for costs.

A deposition taken in the office of the attorney for the defendant, which had theretofore been offered in evidence, was also read to the jury. This deposition did not materially alter the evidence offered by the plaintiff at the trial.

Defendant cites the case of *Darmody v. Kroger Grocery & Baking Co.*, 362 Ill. 554, as sustaining its position that the defendant was not proven guilty. We do not think such authority applicable to the facts in this case as they are presented here.

In the case of *Devine v. Delano*, 272 Ill. 166, the Supreme Court said: " 'When a cause is shown which might produce an accident in a certain way and an accident happens in that manner, it is a warrantable presumption, in the absence of showing of other cause, that the one known was the operative agency in bringing about the result.' *Brownfield v. Chicago Rock Island and Pacific Railway Co.*, 107 Iowa 254."

In the case of *Armour v. Golkowska*, 202 Ill. 144, the Supreme Court stated the law as follows:

"It was not indispensable to the right of recovery that appellee should have shown the cause or force which put the barrel in motion or that the appellants were in that respect also negligent, or that the force was not that of nature, as a wind, etc., or of some person connected or not connected with the appellants."

In the case of *Economy Light & Power Co. v. Sheridan*, 200 Ill. 439, at page 441, it was said:

"There was no direct proof that the deceased came in contact with the electric light wire and that he received an electrical shock which threw him from the pole to the ground, but from the facts and circumstances proven it might fairly and reasonably be inferred that such was the cause of his death. That such was the fact was susceptible of being proven by circumstantial as well as by direct testimony."

In the case of *Rieck v. Great Atlantic & Pacific Tea Co.*, 268 Ill. App. 613, which was a case somewhat similar to the case at bar, the court in its opinion (Case No. 35,947, not reported in full) said:

"The record discloses that about eleven o'clock on the morning of October 11, 1930, plaintiff was buying some groceries in one of defendant's Chicago stores. After making her purchases she was leaving the store when, plaintiff contends, she slipped on a green bean or pea which was on the floor, as a result of which she fell and was injured.

"The defendant contends that the evidence fails to show any negligence on its part because the evidence shows the floor was in a reasonably safe condition; that plaintiff was guilty of contributory negligence and that the verdict is excessive.

. . . . . .

". . . Whether plaintiff was in the exercise of ordinary care for her own safety, and whether the defend-

ant was guilty of negligence which proximately caused plaintiff to slip and fall, were questions of fact for the jury. We are further of the opinion that whether plaintiff was guilty of any negligence in failing to discover the pea or other substance on the floor which proximately contributed to her injury, considered most favorably to the defendant, was a question of fact for the jury. The law does not require that one going into a store to make purchases, such as disclosed by the evidence in the case at bar, should constantly keep one's eyes on the floor to see whether it is in a reasonably safe condition.''

In the instant case the uncontradicted evidence shows that plaintiff, a woman past middle life, was a customer in the defendant's store and was engaged in purchasing merchandise in various departments in pursuance of an implied invitation on the part of defendant to patrons of its store.

The evidence further shows that in defendant's store there were departments for the sale of different commodities, one of which was for the sale of vegetables; that in order to display the vegetables for sale, one of which was string beans, they had been placed in a hamper or basket which had been piled so full of string beans that they had fallen over the edge of the hamper and on to the floor; that plaintiff had made some other purchases in the store and while walking to another department of the store, she stepped upon one of the string beans, slipped and partially fell, when she was assisted by a clerk who was working in the store; that the accident resulted in a fracture of the bones of her leg, causing her much pain and suffering; that the doctor who treated her testified that the injury caused chronic arthritis and that it is a permanent disability.

A string bean, as everyone knows, is a vegetable which consists of a pod containing beans and has strings on the sides of said pod from which it derives

its name and, like most vegetables, it has a water or juice content; that these beans when crushed become a slippery substance and if stepped upon could easily cause a person to slip and fall. That is what we believe happened in the instant case.

The defendant was obligated under the law to use reasonable care to have maintained the aisles of its store in a reasonably safe condition for the safety of its customers and patrons of its store, but this it failed to do, as the reasonable inference is that the string bean upon which plaintiff stepped, had through the negligence of defendant, fallen from an overfilled hamper or basket containing string beans and such negligence on the part of defendant was the proximate cause of the injury to plaintiff.

Counsel for defendant cites *Jones v. Kroger Grocery & Baking Co.*, 273 Ill. App. 183, which is a case somewhat similar to the case at bar, wherein the plaintiff slipped on some leaves of spinach and was injured. The court at page 185, said: ''Assuming that the evidence in this record justifies a finding that appellee fell by slipping on the leaves of spinach, and that she was in the exercise of due care for her own safety in so doing, there remains a fundamental question in this case. Does the presence of a small piece of spinach about three inches long with three or four leaves on it, lying on the clean and open floor of a grocery store, nearby where vegetables are kept for sale, in broad daylight, without the owner's or manager's knowledge, constitute an unsafe condition for persons in the exercise of reasonable care for their own safety? Is it a trap, pitfall, or other hidden defect such as has been denounced by our courts? So to hold would be unwarranted by any authority which has come under our knowledge or observation.''

In this case the defendant had knowledge of the presence of the beans on the floor, as a fair inference from the evidence before us is that the beans were on

the floor because of the negligence of defendant's agent in having filled the hamper or basket until the beans fell over the edges and on to the floor. Therefore, the question of notice is lacking in the instant case as the dangerous situation was created by the defendant. Also the question as to the length of time said beans were on the floor unnoticed by defendant is eliminated by the fact aforesaid that the situation was created by the direct negligence of the defendant and was the cause of the accident.

At the conclusion of plaintiff's evidence and again at the conclusion of all the evidence, defendant made a motion to instruct the jury to find the defendant not guilty, which was denied in each instance by the court.

We further believe that the jury was fully justified in finding by its verdict that the defendant was guilty of negligence as set forth, and that the court erred in setting aside the verdict and entering a judgment against plaintiff.

Inasmuch as the only question involved here is whether or not plaintiff's evidence is sufficient to sustain the verdict of the jury, and we are of the opinion that it is, there will be no necessity to retry the cause.

For the reasons herein given the judgment of the circuit court entered *non obstante veredicto* is reversed and set aside and judgment is entered here for the amount set forth by the verdict of the jury, to wit, $1,000, plus interest at the rate of five per cent from July 16, 1937.

*Judgment reversed and judgment here.*

HEBEL, P. J., and HALL, J., concur.