Margaret Dixon, Plaintiff and Appellee, v. B. E. Hart, Trading as Hart's Department Store, Defendant and Appellant.

Term No. 51–M–11.

Opinion filed September 20, 1951.
Released for publication October 31, 1951.

Combe & Twente, of Harrisburg, for appellant.

K. C. Ronalds, Ralph W. Choisser, and Pruett Block, all of Harrisburg, for appellee.

Mr. Justice Bardens delivered the opinion of the court.

The plaintiff obtained a judgment for $9,000 against the defendant, doing business as a department store, in an action at law for personal injuries sustained by her on April 30, 1949, when she slipped and fell on the floor of defendant's store. Defendant's motions for a directed verdict at the close of plaintiff's case and at the close of all the evidence were denied. The defendant's motions for judgment notwithstanding the jury's verdict or for a new trial were likewise denied. Defendant appeals and asks that the judgment be reversed and judgment entered for the defendant, or, in the alternative, that the judgment be reversed and the cause remanded to the circuit court for a new trial. For purposes of clarity the parties will continue to be designated as plaintiff and defendant in this opinion.

Plaintiff's complaint, filed September 28, 1949, in substance charges the following: that defendant operated a large department store in the city of Harrisburg wherein it negligently permitted and allowed the floor to become slippery and dangerous, which defendant knew or should have known, and of which fact plaintiff did not have equal knowledge; that when plaintiff walked on the floor she was caused to slip and fall by virtue of said dangerous condition, resulting in serious injuries to her right arm, shoulder and wrist; that as a result thereof she has been damaged in the amount of $10,000. Defendant's answer denied the allegations of the complaint as to its negligence and

433

plaintiff's damage. On the trial defendant admitted that plaintiff was an invitee upon the defendant's premises.

The evidence as to the occurrence giving rise to this suit is virtually uncontradicted and presents the following factual picture; plaintiff, a housewife 49 years of age, entered defendant's store about 5:00 p. m. to make a purchase and when in about the middle of the store her left foot slipped and she fell; in falling, her right palm struck the floor with her weight on it, resulting in the injuries complained of; plaintiff was assisted to a chair 25 to 30 feet from where she fell at which spot she rubbed her hand over the floor and found it "slick"; plaintiff observed a dark mark about a foot and a half long where she fell where her foot had slipped; the floor was asphalt tile and was shown to have been waxed three or four weeks prior to plaintiff's fall. It is on these facts that plaintiff's allegation of defendant's negligence rests.

Defendant contends on this appeal that the evidence does not establish (1) that the defendant was negligent, (2) that any negligence of defendant proximately caused the alleged damages, or (3) that the plaintiff was free from contributory negligence, and that therefore the trial court erred in refusing to direct a verdict for the defendant at the close of plaintiff's evidence and again at the conclusion of all the evidence and in denying defendant's motion for judgment n. o. v.

Weighing plaintiff's evidence together with all reasonable inferences to be drawn therefrom in its aspect most favorable to the plaintiff, as we must in view of the issues drawn by the defendant, has she, as a matter of law, established a cause of action against the defendant?

 Addressing ourselves to the issue of defendant's negligence we are confronted with the question of the liability of a store to a customer falling upon

a floor shown to have been waxed and polished three or four weeks previously. We have concluded from an examination of the law in Illinois as well as in other jurisdictions that as a general proposition the mere treating of a floor with a substance that gives it a polished surface is not negligence *per se*. *Mack v. Women's Club of Aurora,* 303 Ill. App. 217, 24 N. E. (2d) 898; *Scoville v. Smith Bldg. Co.* (Abst.), 334 Ill. App. 262, 78 N. E. (2d) 858; *Robison v. J. C. Penney Co.,* 128 Ohio St. 626, 193 N. E. 40; *Stanco v. H. L. Green Co.,* 127 Conn. 422, 17 Atl. (2d) 512; *Osborn v. Klaber Bros.,* 227 Iowa 105, 287 N. W. 252; *Dunham v. Hubert W. White, Inc.,* 203 Minn. 82, 279 N. W. 839; *Griggs v. Sears R. & Co.,* 218 N. C. 166, 10 S. E. (2d) 623; see also exhaustive annotations in 33 A. L. R. 221, 58 A. L. R. 142, 100 A. L. R. 748 and 162 A. L. R. 982. The cases establish that some positive act of negligence must be shown before recovery can be had, such as: that an excessive quantity of polish was used, that it was applied unevenly, that the floor had been freshly polished and no warning given, that one section of floor was waxed or oiled while the remainder was untreated, or that a floor was polished where people would step on it unexpectedly, as, for example, where they would step off of an elevator or a moving stairway or in a dimly lighted room or corridor or on a substantial incline. In *Mack v. Women's Club of Aurora, supra,* the court considered the liability of a club to a woman who slipped and fell on a waxed floor which was shown to have been waxed and "slippery." The court said at page 220:

"The waxing of floors of this character is a common practice and too well known to be considered negligent in the absence of evidence tending to prove some positive negligent act or omission on the part of the owner of the premises, which contributed to the injury."

435

Again in *Scoville v. Smith Bldg. Co., supra,* in which the evidence showed that the floor in question was "very slippery" and that there had been previous complaints about the slippery condition, the court reversed the lower court's judgment for the plaintiff and said:

"The Illinois Courts, as well as those in the majority of jurisdictions, have held that the mere waxing or oiling of a floor is not negligence *per se,* and that it must appear that the oiling or waxing had been improperly executed in order to impose liability."

In the case of *Ilgenfritz v. Missouri Power & Light Co.,* 340 Mo. 648, 101 S. W. (2d) 723, the Supreme Court of Missouri said:

"We hold that it isn't negligence to merely wax an oak floor when it is obvious to all who use it that it is waxed; when no unusual amount or kind of wax is used so as to make it slicker than waxed floors of like character are usually kept; when the floor is so nearly level that no one could determine that it was not level without making some kind of a test; and when persons using it are only required to walk over it in an ordinary careful way in order to keep from falling."

In our view, the simple legal proposition that crystallizes from the many factual situations giving rise to suits of this nature may be stated thusly: a store owner may treat his floors with wax or oil or other substance in the customary manner without incurring liability unless he is shown to be negligent in the materials he uses or in the manner of applying them.

██ We agree with the Supreme Court of Missouri in the last cited case that the use of an unusual amount or kind of wax on a floor which causes it to be so highly polished as to be dangerous for use by the public would constitute actionable negligence; but we hold

that such dangerous condition must be shown by competent objective evidence.

 Does testimony that a floor was "polished" or "slick" without more, as was shown by plaintiff in this case, establish that the defendant was negligent in his choice or application of a floor dressing or that the floor was dangerous for use by the public? We think not. Such descriptions are hopelessly lacking in precision of meaning. What is "slippery" to one person might not be "slippery" to others. And what is "slick" to a person wearing one type of shoe might not seem "slick" to him if wearing another kind of shoe. We do not feel that such testimony furnishes the jury with any real evidence of a probative value in weighing the defendant's conduct against the care required of him by the law governing such cases. We agree with the conclusion of the court in *Scoville v. Smith Bldg. Co., supra,* when it says:

"Clearly the testimony of plaintiff, of her employer, and of the other tenant that the floor was slippery, or even more slippery than usual, does not establish the fact that the cleaning or waxing had been done improperly."

No case has been called to our attention in which recovery was had upon a comparable state of the evidence.

 Nor can we agree with the plaintiff's contention that the mere showing that a floor has been polished together with some evidence of its being "slick" is at lease sufficient to require that the store owner's liability be weighed by a jury in any case. It is difficult to see how the ends of justice would be served by permitting a jury to speculate and conjecture as to whether the condition of the floor, as shown by such evidence, caused plaintiff to fall. This is especially true in the instant case where a jury's conclusion as

to the condition of the floor where plaintiff fell would, of necessity, be based on an unwarranted inference from evidence as to the condition of the defendant's floor "25 or 30 feet" away. Extrinsic evidence of a character more clear and convincing than plaintiff's completely subjective verbal characterization of the floor as "slick" must be shown before a jury could fairly and intelligently weigh the owner's conduct in the care of his floors and its causal relationship to plaintiff's fall.

We conclude that the plaintiff has not, as a matter of law, on the evidence adduced, established a cause of action and that, therefore, the trial court erred in denying defendant's motions for a directed verdict at the close of plaintiff's case and at the close of all the evidence and in failing to render judgment notwithstanding the jury's verdict. Because of the view we take of this matter it will not be necessary to proceed with a discussion of the other errors raised by the defendant on this appeal.

*Judgment reversed.*

CULBERTSON, P. J. and SCHEINEMAN, J., concur.