Roberta Custer, Plaintiff-Appellee, v. St. Clair Country Club, Defendant-Appellant.

Term No. 52–O–25.

Opinion filed January 30, 1953.
Rehearing denied February 26, 1953. Released for publication March 4, 1953.

POPE & DRIEMEYER, of East St. Louis, for appellant.

McROBERTS & HOBAN, of East St. Louis, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

In the case before us, Roberta Custer, appellee (hereinafter called plaintiff) brought action as against St. Clair Country Club, appellant (hereinafter called defendant), to recover damages for personal injuries which she sustained as the result of a fall which occurred on defendant's ballroom floor while plaintiff was dancing there with her husband at a New Year's Eve party on December 31, 1950. A verdict of the jury was returned in favor of the plaintiff and as against defendant in the sum of $6,500.

In the pleadings in the case it was alleged in substance that defendant negligently applied wax to the dance floor so that an excessive amount of wax was accumulated at one place on the floor whereby plaintiff was caused to trip and fall. The facts as disclosed by the record showed that shortly after plaintiff and her husband arrived at the St. Clair Country Club they proceeded to the ballroom where an orchestra was playing and several couples were dancing. After they had danced a few steps and while plaintiff's husband was moving forward and commencing a turn, plaintiff's foot caught on something, or she tripped in such manner that she was caused to fall to the floor, thus breaking her ankle. Neither plaintiff nor her husband, nor anyone else complained about the condition of the

317

floor that evening. Plaintiff's husband testified that he examined the floor in the area of his wife's fall and that he found a sticky substance which covered an area about a foot square and which was the same color as the dance floor. Another witness testified that he examined the floor in the general area some five to fifteen minutes after the fall by plaintiff and that he found on the floor a little more or less dry or sticky substance. No evidence was offered to indicate how long the substance had been on the floor, how it came to be there, or the nature of the substance, although plaintiff's husband testified that some of the substance adhered to the ball of plaintiff's shoe. The shoe was not introduced in evidence, nor was any of the substance produced.

The evidence also showed that an employee of the Country Club had followed the custom and practice which had been followed for a number of years in preparing the floor for dancing. The floor was washed, cleaned, and dried, and then a powder known as Johnson's Dance Wax was put on before the dance. It was a dry powder and the only preparation used on the floor after cleaning, and the floor looked the way it always did every time they had a dance at the place. This wax was apparently spread by the dancers on the floor. There is no charge in the complaint that defendant had either actual or constructive notice of the substance or matter alleged to have been on the floor, which caused the plaintiff's fall.

The only issue is whether or not there is sufficient evidence in the record to support the verdict and judgment in favor of the plaintiff on the basis of the evidence showing the application of the wax and the testimony of plaintiff and plaintiff's husband about plaintiff's fall. No allegation in the complaint charges that defendant knew of the existence of an excessive

318

accumulation of wax or that the accumulation had existed for such period of time that defendant should have known about it.

██ Defendant had the right to prepare the dance floor in the usual and customary manner (*Mack v. Woman's Club of Aurora*, 303 Ill. App. 217). Upon an examination of the record in the instant case it is apparent that the evidence presented by plaintiff established no facts showing a breach of duty by defendant. As we have indicated here, there was no evidence tending to prove that defendant had either actual or constructive notice of what the accumulation was (*Calvert v. Springfield Elec. Light & Power Co.*, 231 Ill. 290, 293; *Davis v. South Side El. Co.*, 292 Ill. 378, 385; *Antibus v. W. T. Grant Co.*, 297 Ill. App. 363, 365).

██ As we have indicated in this opinion the evidence is uncontroverted that the dance floor was washed, cleaned and dried on the day before the dance, and that it was in good condition immediately prior thereto. There is no evidence to show that any person applied any substance to the dance floor other than the dry powder designated as Johnson's Dance Wax, and there is also no evidence of how the alleged sticky spot was created, how long it had been on the floor, and its composition, and the jury was compelled to speculate on those matters, each of which was a material and essential part of plaintiff's case and on which she had the burden of proof. Such speculation cannot be permitted.

██ An opinion of this court, *Dixon v. Hart*, 344 Ill. App. 432, has been cited by plaintiff as authority for the principle that under the facts a proper question of fact was presented to the jury. We pointed out in that case, at page 435, that the cases established that some positive act of negligence must be shown before a recovery can be had, such as, that the polish was ap-

plied unevenly, etc., and from the facts presented in the record in the instant case there was no evidence from which the jury could have concluded that the presence of the sticky spot was an act of commission or of omission on part of the defendant. As this court has indicated in the case of *Dixon v. Hart, supra,* at pages 437 and 438, the mere showing that a floor had been polished, together with some evidence of its being slick, did not justify submission of the cause to a jury. We stated there that it was difficult to see how the ends of justice could be served by permitting a jury to speculate and conjecture as to whether the condition of the floor as shown by such evidence caused plaintiff to fall; that extrinsic evidence of a character more clear and convincing than plaintiff's characterization of the floor as "slick" must be shown before a jury could fairly and intelligently say an owner's conduct in the care of his floor had a causal relationship to plaintiff's fall.

██ It is difficult to distinguish that case from the instant case, since all we have in the instant case, is a reference to a small area of the floor as "sticky" without any showing as to how the floor thus became sticky, whether from act of defendant, a spilled drink, or action of some dancer, and to submit the action to the jury on such state of the evidence alone, we feel, was improper. Under the facts in the record it is apparent that the jury was required to speculate as to the cause of the sticky spot and its relationship to defendant and the injury to plaintiff. To require a defendant to respond in damages under such state of facts would in substance make the owner or operator of a dance floor an insurer of his patrons, which is inconsistent with the precedents cited in this State.

The motion for a directed verdict should have been allowed by the trial court at the close of all the evi-

dence. The judgment of the circuit court of St. Clair county, will, therefore, be reversed without remanding.

*Judgment reversed.*

BARDENS, P. J. and SCHEINEMAN, J., concur.