(No. 4603—)

ENA L. PETTY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1957.*

FLEETWOOD M. McCOY, Attorney for Claimant.

LATHAM CASTLE, Attorney General; MARION G. TIERNAN AND JOHN L. ROACH, Assistant Attorneys General, for Respondent.

WHAM, J.

Claimant, Ena L. Petty, received personal injuries, consisting of a broken collar bone and lacerations, when she fell while descending a flight of stairs in the Elgin State Hospital on August 8, 1953, while upon the premises as a visitor of an inmate, for which injuries she has filed a petition against the State of Illinois seeking recovery in the amount of $7,500.00.

She alleges in the petition that her fall was caused by the "careless, negligent and improper application of an extremely slippery polishing material or substance" on the floor of the corridor and the stairway of said hospital.

Respondent, having filed no answer, relied upon Rule 11 of the Court of Claims to effect a general denial of the allegations set forth in the petition.

The evidence offered by claimant consisted of herself and two companions, who had come to visit her nephew, an inmate of the hospital. One of the visitors was the father of the inmate, and the brother of claimant; the other was a young girl, 16 years of age, the niece of claimant.

These three witnesses all testified that, upon arrival at the hospital, they were directed to the second floor of the building wherein their relative was quartered. They proceeded up the stairs and along a corridor for some distance, whereupon they were informed that he was on the first rather than the second floor. They retraced their steps to the stairway, and, as claimant was stepping from the second floor corridor to the top step, she fell down the flight of stairs receiving the injuries for which she complains.

With respect to the condition of the corridor and the stairway, each of these three witnesses testified in basically the same manner, namely, that the floor of the corridor and the tread of the stairs were so heavily waxed and slickly polished that it seemed as slick as ice, as they walked thereon. Claimant testified that she and the others commented about this condition of the floor, as they came along the corridor after ascending the flight of stairs. She further stated that the wax was so thick, and the surface so slick, that she had a fear she would slip and fall at any minute.

On cross-examination, she admitted that she did not grasp the railing, as she started down the stairs. Respondent's evidence established that there was a railing on each side of the stairway.

Mr. Pitts, brother of claimant, testified that on the way up the stairs he made mention to his companions that the steps were polished. He further testified that the

corridor, as well as the stairs, were slippery, and that he also mentioned several places they had missed polishing. He also testified that it was like walking on ice.

Jean Brane, niece of claimant, the other occurrence witness, testified that, when she reached the head of the stairs on the way down from the second floor, she told claimant she had never seen such a floor condition before.

These were the only witnesses offered by claimant with respect to the question of liability.

The evidence offered by respondent is all to the contrary upon the waxing and polishing of the corridor and stairs. Frances Richey, a psychiatric aide of 20 years standing, testified that she supervised the details of cleaning the corridors and stairs in the building wherein the fall occurred. She stated that only clear water was used to clean the corridors and stairs, and that wax was never applied. She further stated that inmate labor was used to mop the floors, and that the time of mopping was always scheduled at approximately 8:00 A. M. No waxing or polishing material was furnished to, nor was it available to the inmates at any time.

This witness was unable to recall specifically conducting the inspection of the stairs and corridor on the particular date of the accident, inasmuch as she did not learn of the accident until the day after. She did state, however, that her duties took her up the stairs and down the corridor in question a number of times each day, and that among her duties was the inspection of the stairs and corridor, and the assignment of inmates to the performance of the necessary labor in keeping the corridor and stairs clean. She stated definitely that no wax was ever used on the corridor and stair, and that she was on duty the day of the accident. She further stated that no supplies were available to the inmates

except those passed out to them by institutional personnel.

It appears from the evidence that the floor surface of the corridor was of terrazza, and the stairway surface was a non-skid composition material of carborundum and marble chips. The stairway and corridor were smooth and well lighted. No complaint is made with respect to the construction of the stair or corridor.

Claimant contends in her brief and argument that she has proven her case within the rule announced in *Dixon* vs. *Hart,* 344 Ill. App. 432, and followed by this Court in *Opal Fox* vs. *State of Illinois,* 21 C.C.R. 12.

We do not agree.

Even considering her evidence alone in its most favorable aspects, we find no indication that the condition complained of was unknown to her, or that she came upon it unexpectedly, or that the floor surface itself was uneven. On the contrary, claimant and her companions all testified that, from the outset, they were well apprised of the condition of the floor and the stair, and further testified that they commented to one another several times concerning it. The authority relied upon by claimant involved a hidden unexpected condition. In the Fox case, supra, an uneven floor with dents, ridges and wavy contour was shown to exist. Both of the cited cases recognized the general rule followed in Illinois, as set forth in *Mack* vs. *Womans' Club of Aurora,* 303 Ill. App. 217. There the court aptly stated: "The waxing of floors of this character is a common practice, and too well-known to be considered negligent in the absence of evidence tending to prove some positive negligent act or omission on the part of the owner of the premises, which contributed to the injury. . . . . We do not con-

sider it was negligence per se for appellant to have the clubroom floor cleaned and waxed, nor that such act served to charge appellant with the duty of anticipating that one in the exercise of ordinary care would be exposed to danger when using the floor in a manner for which it was intended."

The court further held that, where there was no hidden danger, a person must be held to have assumed the risk involved of walking upon the waxed floor.

In the case of *Dixon* vs. *Hart,* 344 Ill. App. 432, relied upon by claimant, the court reversed a judgment for plaintiff in a similar case, and stated at page 437: "Does testimony that a floor was 'polished' or 'slick' without more, as was shown by plaintiff in this case, establish that defendant was negligent in his choice or application of a floor dressing, or that the floor was dangerous for use by the public? We think not. Such descriptions are hopelessly lacking in precision of meaning. What is 'slippery' to one person might not be 'slippery' to others. And what is 'slick' to a person wearing one type of shoe might not seem 'slick' to him if wearing another kind of shoe. We do not feel that such testimony furnishes the jury with any real evidence of a probative value in weighing the defendant's conduct against the care required of him by the law governing such cases. . . . . . .Extrinsic evidence of a character more clear and convincing than plaintiff's completely subjective verbal characterization of the floor as 'slick' must be shown before a jury could fairly and intelligently weigh the owner's conduct in the care of his floors and its causal relationship to plaintiff's fall."

To the same effect see the cases of *Custer* vs. *St. Clair Country Club,* 349 Ill. App. 316; and *Turner* vs. *Chicago Housing Authority,* 11 Ill. App. (2d) 160 at 170.

We believe the above stated rules to be sound, and will adhere to them. Consequently, the evidence offered by claimant does not, in our judgment, establish a dangerous condition resulting from negligent acts or omissions on the part of respondent within the meaning of the law of Illinois.

There are also two other elements lacking, which in themselves would also preclude a recovery. First, the record is barren of any evidence that respondent had either actual or constructive notice of the alleged condition. Second, if the floor and stair were as slippery as claimant contended, and particularly in view of her testimony that she knew of its condition, and yet did not use the stair bannister in starting her descent, then, in our judgment, she was not in the exercise of due care and caution for her own safety.

Since the burden of proving each of the above elements rests upon claimant, she has failed to prove her case in those respects.

In addition to the above, however, the evidence offered by respondent conflicts quite materially with that of claimant on the question of the floor and stair condition. According to respondent, the floor and stair had never been waxed. Obviously, either the respondent's witness or claimant's witnesses were mistaken. After considering at length the record in this case, we cannot say, in our fact finding capacity, that the evidence of claimant impresses us to the extent of establishing a preponderance over that offered by respondent on this material element of the case.

For all of the above reasons, we have concluded that this claim should be, and is hereby denied.