Max Olinger, Plaintiff-Appellee, v. The Great Atlantic
and Pacific Tea Company, a Corporation, and
Eddie Graves, Defendants-Appellants.

**Gen. No. 60–F–2.**

Fourth District.

May 27, 1960.

Oehmke, Dunham, and Boman, of East St. Louis, for appellants.

Listeman and Bandy, of East St. Louis, and R. K. Peek, of DuQuoin, for appellee.

HOFFMAN, JUSTICE.

Plaintiff, Max Olinger, was awarded a verdict in the sum of $30,000 against the defendants, The Great At-

lantic and Pacific Tea Company, and its manager, Eddie Graves, for personal injuries received when he slipped and fell while patronizing the store of the defendant, The Great Atlantic and Pacific Tea Company. The trial court entered judgment for the plaintiff on the verdict and denied defendants' post-trial motions for judgment notwithstanding and, in the alternative, for a new trial.

Both defendants appeal and urge strongly that they were entitled to a directed verdict because, they say, plaintiff failed to make a case of negligence against them. As in the Donoho case, cited and discussed later, the issue in this cause is whether, under the facts and circumstances most favorable to plaintiff, there was any evidence of negligence by defendants in the maintenance of the store premises which could properly be submitted to the jury.

The facts are these:

On August 22, 1956, the defendant, The Great Atlantic and Pacific Tea Company, operated a self-service store, and defendant, Eddie Graves, was its manager. Early in the afternoon on that day, the plaintiff, Max Olinger, entered the store as a customer. He came in at a regular entrance, turned left and went a short distance, about 20 to 25 feet, and then turned to the right to go down one of the aisles. There is no evidence that the floor of this aisle was not clear nor that the store was not well-lighted. When he made the turn, his feet went out from under him and he fell, injuring his back. What the substance was that he slipped on is unknown. He left a skid mark of $3\frac{1}{2}$ to 4 feet, and while lying on the floor, tasted the substance. It was described by plaintiff as being more or less of a thin oil with a sweet taste, "abrasive" and being a "little bit sticky," pinkish to red in color. Though he described the substance as covering a place on the floor 6 to 7 inches in size, other wit-

nesses described it as being much smaller, such as about the size of the end of a finger or the size of a "small jelly bean" or "smaller than a dime." Plaintiff did not see the substance before he fell. No one identified the substance other than by its general appearance, nor did anyone give it a name.

In the situation presented by these facts, the plaintiff enjoys the status of a business invitee upon the defendant's premises. As such, it is generally held that the storekeeper is not the insurer of his customer's safety, but does owe the duty of keeping his premises in a reasonably safe condition so that customers will not be injured. Geraghty v. Burr Oak Lanes, Inc., 5 Ill.2d 153, 125 N.E.2d 47; Devaney v. Otis Elevator Co., 251 Ill. 28, 95 N.E. 990. When the business invitee is injured by slipping on a foreign substance on the premises, liability will arise if the substance was placed there by the negligence of the proprietor or his servant, or, if there is no showing how the substance got on the premises, liability will arise if it appears that the proprietor or his servant knew of its presence, or that the substance was there a sufficient length of time so that in the exercise of ordinary care its presence should have been discovered. Pabst v. Hillman's, 293 Ill. App. 547, 13 N.E.2d 77; Schmelzel v. Kroger Grocery & Baking Co., 342 Ill. App. 501, 96 N.E.2d 885; Richardson v. Eichhorn, 18 Ill.App.2d 273, 151 N.E.2d 819; Davis v. South Side El. R. Co., 292 Ill. 378, 127 N. E. 66.

We do not here have a case involving notice, either actual or constructive, to the defendant. For the plaintiff states in his brief that "we do not contend that the evidence here makes a case of constructive notice to the defendants." Plaintiff submits that the case stands or falls upon whether or not the premises were made unsafe by the acts of the defendants. Thus, plaintiff limits himself, in the establishment of liabil-

ity, to proofs that the substance was on the floor through the negligence of the proprietor or his servants.

In such a case, it often happens that direct and positive evidence as to the manner in which the substance got onto the floor is unobtainable. The concern of the courts had been over what is sufficient evidence to permit the jury to draw reasonable inferences to fit into the above rule.

██ In the recent case of Donoho v. O'Connell's, Inc., 13 Ill.2d 113, 148 N.E.2d 434, which is the last pronouncement of the Supreme Court upon the subject, it was stated on page 119 of 13 Ill.2d, page 438 of 148 N.E.2d that, "Where the foreign substance upon which the customer slipped was unrelated to the proprietor's operations, the Illinois courts and those of other States have directed verdicts, in the absence of actual or constructive notice, since under such circumstances no inference could be drawn that the substance was more likely to have been dropped by defendant's servants than by third persons." When we review the evidence most favorable to the plaintiff, it is clear that the plaintiff has not proved what the substance was which he slipped upon. There is absolutely no evidence, either direct or inferential, that any product handled by defendant was in any way involved in plaintiff's fall. Plaintiff testified that the substance was in liquid form, but he never said what it was, even though he tasted it and felt it. All other witnesses testified that the substance was semi-solid, like a mashed jelly bean or like grease. There is in the record no evidence of what the substance was, or from where it came. It is unknown and could only be identified by the utmost conjecture. Because it was not established what the substance was, it could not be concluded that it related to the defendant's business, and, therefore, as our Supreme Court said in Donoho v. O'Connell's, Inc., supra,

on page 119 of 13 Ill.2d, page 438 of 148 N.E.2d, ". . . no inference could be drawn that the substance was more likely to have been dropped by defendant's servants than by third persons." Nor was there any evidence that defendant's servants dropped the substance or caused its being there, whatever it was. In short, the only evidence is that plaintiff slipped and fell in the store. Under such state of the record, the plaintiff has failed to establish one of the essentials of his right to recover. Antibus v. W. T. Grant Co., 297 Ill. App. 363, 17 N.E.2d 610.

But the plaintiff argues that he fell somewhere in the vicinity of the notions counter which had four or five shelves displaying tooth paste, shaving cream, cotton, first-aid items and hair oil; and that there was evidence in the record from which the jury could conclude that at the time of the occurrence the defendant company had on display on said notions counter bottles of Coldene, a reddish liquid cough medicine. Plaintiff further argues, and takes the position, that the substance on the floor was Coldene, though he did not testify to this fact, and that, from the facts mentioned, the jury could have reasonably inferred that the substance on the floor, upon which plaintiff slipped, was therefore there due to defendant's negligence.

██ For the purpose of answering this argument we will assume the proofs necessary to establish that the substance was related to defendant's operations. When this is the case liability is not imposed upon the defendant unless there is further evidence as to how the substance got on the floor. Jones v. Kroger Grocery & Baking Co., 273 Ill. App. 183; Schmelzel v. Kroger Grocery & Baking Co., supra. The amount and degree of such evidence, which will permit submission to the jury, was stated in Donoho on page 122 of 13 Ill.2d, page 439 of 148 N.E.2d, as follows:

"Where, however, in addition to the fact that the substance on the floor was a product sold or related to defendant's operation, the plaintiff offers some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, from which it could be inferred that it was more likely, that defendant or his servants, rather than a customer, dropped the substance on the premises, courts have generally allowed the negligence issue to go to the jury. . . ." Again we carefully examine the record most favorable to the plaintiff. We cannot find anything which even remotely permits the inference that it was more likely that the defendant rather than a customer dropped the substance or was responsible for its being there. There is no evidence that any employees were in the vicinity before the accident; nor is there any evidence that a bottle in the vicinity was cracked or that employees of the defendant were removing bottles from the display boxes and stocking the shelves. There is no evidence that a bottle was knocked off the shelf into the aisle or that a bottle had been opened or broken and previously been removed from the vicinity. The record is devoid of any probative facts which would permit an application of the Donoho rule. No proof was offered other than the presence of the substance and the occurrence of the injury. As in Jones, there simply are no circumstances from which it could be inferred how the substance got onto the floor.

We must take the case as the record brings it to us. We cannot manufacture evidence nor find that which is not there. "Liability may not be based on imagination, speculation, or mere conjecture, and the question of its existence should be submitted for jury determination only where there is some direct evidence supporting each material allegation of the complaint or some circumstantial evidence from which

94

inferences of such facts clearly preponderate." Tiffin v. The Great A & P. Tea Co., 18 Ill.2d 48, 60. See also, Custer v. St. Clair Country Club, 349 Ill. App. 316, 110 N.E.2d 697. It is the rule of law in this State that liability of a storekeeper to his customer must be founded upon fault, and if the record does not contain facts which will permit a recovery under a recognized theory of liability, recovery cannot be had, and a verdict based upon such a record must be reversed. We reaffirm what we said in Jones, that proof of the presence of a foreign substance on a clean, well-lighted floor of a store, at the instant when plaintiff fell, is not proof of negligence on the part of the defendant store or its manager on which liability for damages can be based.

The judgment against the defendants, The Great Atlantic and Pacific Tea Company and Eddie Graves, is reversed.

Reversed.

SCHEINEMAN and CULBERTSON, JJ., concur.