Florence A. HORNYAK,
Plaintiff, Appellant,

v.

The POMFRET SCHOOL,
Defendant, Appellee.

No. 85–1627.

United States Court of Appeals,
First Circuit.

Argued Jan. 9, 1986.

Decided Feb. 11, 1986.

Martin W. Aisenberg, Jones & Aisenberg, Providence, R.I., was on brief, for plaintiff, appellant.

Patricia Breslin, Providence, R.I., with whom Leonard A. Kiernan, Jr., Kiernan, Currier & Plunkett, Providence, R.I., were on brief, for defendant, appellee.

Before COFFIN, BOWNES, and TORRUELLA, Circuit Judges.

COFFIN, Circuit Judge.

In this appeal from the granting of a directed verdict for the defendant, we marshal the following facts favorable to the plaintiff.

A fifteen year old girl, while on training for position on her school's crew, after one to two and a half hours of rowing, observed and then participated in for the first time an exercise called the "Harvard Step Test". This test required that she, together with several other girls, divided equally on opposite sides, step briskly up and on a sixteen inch high bench, step back to the ground and repeat the process rapidly for two minutes. A photograph in evidence

permitted the jury to conclude that the bench was placed on a somewhat uneven surface of a field.

One girl, in a group exercising just prior to plaintiff's group, lost her balance and fell backwards. The sole supervisor was the team's coach, who usually tested the step test bench for stability but had no memory of doing it on the day in question. He did not see the first girl fall and did not see plaintiff fall, since he was mainly looking at a stop watch and counting cadence. No other personnel or even other girls were standing nearby acting as "spotters" to catch or support a falling participant.

Plaintiff herself testified as follows:

"Q. And could you tell the court and jury what you noticed while you were doing that test?

A. I felt an unsteadiness as in a feeling—not being solid; vibrations; general wobbling.

Q. And after 30 seconds, then what happened?

A. I fell off the bench."

 From these facts, a jury could draw the reasonable inference that the bench was improperly positioned in the first place by the coach, causing an unreasonable risk of harm to a young, inexperienced, and somewhat fatigued group of step test participants. Or it could draw the equally reasonable inference that the supervision given the participants after the tests had begun was unreasonably inadequate. Or both.

 As for causation, the fact that there was no direct evidence of the cause of plaintiff's fall does not bar the question of causation from jury consideration. It is of course possible that the vibrations from some five other girls jumping on the bench at the same time may have caused the fall. But, there being no other factors identified, such as ice, snow, wind, or dizziness on the part of plaintiff, it would not be unreasonable for a jury to draw the inference that the cause of plaintiff's fall was the unstable condition of the bench. Appellant cites a case squarely on point, *Burg v. Great*

*Atlantic & Pacific Tea Co.*, 256 F.2d 613, 614 (7th Cir.1958). And as Professor Prosser has written,

"[The plaintiff] need not negative entirely the possibility that the defendant's conduct was not a cause [footnote omitted], and it is enough that he introduces evidence from which reasonable men may conclude that it is more probable that the event was caused by the defendant than that it was not." William L. Prosser, *Handbook of the Law of Torts*, 4th ed., p. 242.

We note that appellee has furnished us with no authorities supporting its view on this issue.

 *Reversed and remanded for a new trial. Because of an appendix inflated by roughly one third, containing material irrelevant to this appeal, appellant shall be reimbursed only two thirds of her costs.*