WILLIAM LUCKER, Plaintiff-Appellant, v. ARLINGTON PARK RACE TRACK CORPORATION, Defendant-Appellee.

First District (1st Division)   No. 85—1367

Opinion filed April 14, 1986.

Peter Bianco, Jr., of Bianco & Szygowski, of Chicago, for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Thomas R. Nelson, Richard H. Donohue, and Karen Kies, of counsel), for appellee.

JUSTICE QUINLAN delivered the opinion of the court:

The plaintiff, William Lucker, appeals from the trial court's directed verdict for the defendant, Arlington Park Race Track Corporation (Arlington Park), in his negligence action to recover damages for personal injuries. The plaintiff, while employed by a third party as a carpenter to set up exhibit booths for an exhibition held on defendant's premises, slipped, fell and injured his back. At the close of plain-

tiff's case in chief, the trial court granted defendant's motion for a directed verdict on the issue of liability, and subsequently denied plaintiff's "motion to reconsider and for new trial." This appeal followed.

The issue on appeal is whether the trial court was correct in directing a verdict for Arlington Park, that is, did the evidence, when viewed in a light most favorable to William Lucker, so overwhelmingly favor Arlington Park that no contrary verdict could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 NE.2d 504; see also *Hollembaek v. Dominick's Finer Foods, Inc.* (1985), 137 Ill. App. 3d 773, 484 N.E.2d 1237.) In order to determine whether the directed verdict for the defendant was proper, we must review the evidence introduced by the plaintiff on the issue of defendant's negligence.

One of plaintiff's co-workers, Howard Newhouse, testified that he saw the plaintiff fall, but that it happened very fast. He also observed the condition of the floor in the area where the plaintiff fell, and it was Newhouse's impression that the floor appeared to have been painted a glossy battleship gray since he last worked at the track. He noticed that the floor was "slippery."

The plaintiff, William Lucker, also testified as to the condition of the surface upon which he slipped. Lucker testified that the floor "looked freshly painted," had a "high gloss," and was "slippery under foot." Regarding his fall, the plaintiff said that both feet went out from under him at once as if he had stepped onto either "a sheet of glass or an ice rink." Lucker made no reference to any foreign substance being on the floor during his direct examination, but on cross-examination, when he was confronted with a statement he made approximately one month after the accident, he admitted that he had previously said that a waxed paper cup was under his foot when he slipped. On redirect, the plaintiff stated that someone else actually told him about the cup.

Two other witnesses testified on behalf of the plaintiff. Frank Garret testified that it was Arlington Park's duty to clean the premises at the time Lucker slipped and fell, and Samuel David Ramenofsky testified as an expert on the issue of plaintiff's lost earning capacity. There was no other testimony or other evidence introduced on behalf of the plaintiff.

■■■ A plaintiff in a negligence action is entitled to recover only by proving each element of the action, *i.e.*, the existence of a duty, a breach of that duty, an injury proximately resulting from the breach and damages. Failure to prove any of the essential elements authorizes a directed verdict for the defendant. (*Clinton v. Commonwealth*

*Edison Co.* (1976), 36 Ill. App. 3d 1064, 1067-68, 344 N.E.2d 509.) In Illinois, the mere waxing or oiling of a floor is not negligence *per se,* and in order to demonstrate negligence, the evidence must show that the waxing or oiling was not properly performed. (*Dixon v. Hart* (1951), 344 Ill. App. 432, 101 N.E.2d 282; *Johnson v. Central Tile & Terrazzo Co.* (1965), 59 Ill. App. 2d 262, 207 N.E.2d 160; *Mack v. Woman's Club of Aurora* (1940), 303 Ill. App. 217, 24 N.E.2d 898.) The court in *Dixon,* in discussing the waxing or treating of floors by business establishments, stated that "a store owner may treat his floors with wax or oil *or other substance* in the customary manner without incurring liability unless he is shown to be negligent in the materials he uses or in the manner of applying them." (Emphasis added.) (*Dixon v. Hart* (1951), 344 Ill. App. 432, 436, 101 N.E.2d 282.) Thus, testimony that a floor is slick, slippery or polished is insufficient to establish negligence because it does not give the trier of fact a basis for balancing the defendant's conduct against the requisite standard of care. This type of "subjective verbal characterization," *i.e.,* that a floor is slick, slippery or polished, does not, as the *Dixon* court stated, permit a jury to "fairly and intelligently weigh the owner's conduct in the care of his floors and its causal relationship to plaintiff's fall." (344 Ill. App. 432, 438, 101 N.E.2d 282.) The court said that these descriptions are hopelessly lacking in precision of meaning and do not furnish a jury any evidence of probative value. We agree.

■ In the case before this court, the only evidence concerning the issue of defendant's negligence is Lucker's and Newhouse's subjective verbal characterizations of the floor as slippery, which, without more, is insufficient to withstand a motion for a directed verdict on the issue of negligence. The plaintiff here presented no evidence that the type of paint used was improper for use on concrete floors, or that Arlington Park was negligent in its selection. There was no evidence that a flat finish paint would be more appropriate for concrete floors than a glossy finish paint, nor did the plaintiff present any evidence that the paint was improperly applied or that it was improper to paint a concrete floor. William Lucker did testify that heavy crates were easier to move around than normal, but his testimony is again merely a subjective observation of the witness which is not evidence that the defendant was negligent in the way it maintained its floors.

Additionally, in *Schmidt v. Cenacle Convent* (1967), 86 Ill. App. 2d 150, 229 N.E.2d 413, the plaintiff there, as William Lucker's prior statement indicated that Lucker here, was not sure whether her fall was caused by the well-polished floor or by a foreign substance on it.

The appellate court reversed the judgment for the plaintiff and entered judgment for the defendant. The court in that case again stated that it is not negligence to merely show that a floor was well polished, but some positive acts of a defendant must be shown. The *Schmidt* court then listed some positive acts of a defendant which might give rise to negligence in a case involving a slippery floor, such as using an excessive amount of wax; applying it unevenly; treating a part of a floor with wax, etc. and leaving part untreated; and polishing (or painting) a floor where people would unexpectedly step on the freshly treated surface. The court there concluded that there was no evidence of any foreign object on the floor and testimony that the floor was "slippery," "slick," "polished," or "shiny" was not sufficient to require an owner's liability to be weighed by a jury. (86 Ill. App. 2d 150, 155-56, 229 N.E.2d 413.) Here, the plaintiff failed to present any evidence of either the defendant committing any of the acts enumerated in *Schmidt* or of the presence of a foreign substance. Moreover, the question of whether a foreign substance could have caused the plaintiff to slip arose only during plaintiff's cross-examination when defense counsel directed plaintiff's attention to the statement he made almost one month after the accident. There, Lucker had mentioned the presence of a waxed paper cup, but failed to include any remark about a slippery floor. On redirect, he attempted to explain the inconsistency. He stated that some third party told him about the cup, and that he would "never know for sure" whether he slipped on a cup. Thus, the plaintiff, himself, disputed the presence of a foreign object and stated that he was not sure how he fell.

■ Finally, the plaintiff contends that the adoption of the doctrine of comparative negligence (see *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886) necessitates the modification or abolition of the *Dixon* rule which developed while Illinois was still a jurisdiction where the contributory negligence of a plaintiff was a complete bar to recovery. We find this argument of the plaintiff unpersuasive. The adoption of comparative negligence did nothing to the sufficiency of proof required to establish the defendant's negligence. It only allowed a negligent plaintiff to recover where he could not do so before and diminished the plaintiff's recovery by the percentage of fault attributable to him. (85 Ill. 2d 1, 25, 421 N.E.2d 886.) The adoption of comparative negligence also did not abolish the elements of a negligence cause of action, and therefore, a plaintiff is still required to prove the elements of his negligence action. (*McMillen v. Carlinville Area Hospital* (1983), 114 Ill. App. 3d 732, 450 N.E.2d 5.) Thus, there has been no change in the requirement that a plaintiff establish a defendant

876

breached a duty and was negligent before he can recover. We, therefore, find that subjective verbal characterizations that a floor is slippery, without more, continue to remain insufficient proof that a floor was negligently maintained.

Accordingly, the plaintiff, William Lucker, failed to present evidence that the defendant, Arlington Park, was negligent and, consequently, we hold that the trial court did not err in directing a verdict for the defendant.

Judgment of the trial court is affirmed.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.