AMERICAN STATES INSURANCE COMPANY, as Subrogee of Homestead Electric Company, Plaintiff-Appellant, v. A.J. MAGGIO COMPANY, INC., Defendant-Appellee.

Second District   No. 2—91—1052

Opinion filed May 28, 1992.

Michael C. Piller, of Eichstaedt, Krause, Piller & O'Leary, of Carol Stream, for appellant.

Michael L. Handley, of Aries & Hoyt, of Chicago, for appellee.

JUSTICE NICKELS delivered the opinion of the court:

This negligence claim was brought by plaintiff, American States Insurance Company, as subrogee of Homestead Electric Company (Homestead), pursuant to section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(b)). Plaintiff insurer brought the action against defendant, A.J. Maggio Company, Inc., to recover $20,783.75 in damages sustained when defendant, a general contractor, allegedly failed to provide a reasonably safe workplace for Homestead's employee according to defendant's contract with Homestead, one of its subcontractors.

The complaint alleged that Homestead's employee slipped and fell on a patch of ice and sustained injuries due to defendant's failure to

remove dangerous ruts or accumulations of ice on the driveway of a construction site and failed to warn of the dangerous condition of the premises. The trial court granted defendant's motion for summary judgment based on its finding that defendant did not undertake a duty to remove ice and snow at the workplace.

On Friday, December 30, 1988, Leonard Adelman, an electrician who worked for Homestead, injured his left ankle while walking on the paved driveway which was covered with snow and ice. According to Adelman's deposition, he was going to his car in the paved parking lot after he left Homestead's trailer at the construction site. The traffic to the construction site created ruts in the snow and ice where Adelman fell. There had been 8 to 12 inches of snow that week, and, on Wednesday, it had rained, turning the snow to slush. Due to the thawing and freezing, there was ice on the ground by Friday. Defendant was the general contractor at the construction site and occupied its own trailer. There was a third trailer for the pipe fitters. Adelman never saw anyone shovel or remove the snow on the driveway, although the occupants of each trailer put salt on their own steps. Adelman did not observe any signs warning of hazards at the site.

In response to plaintiff's interrogatories, defendant acknowledged that it did not take any steps to remove the ice and snow from the driveway and parking lot or take other precautions such as the posting of warnings with respect to the ice and snow; neither did defendant receive any complaints regarding the condition of the driveway, parking lot or construction site.

Plaintiff's complaint averred that defendant owed a duty to Homestead and its employees to take reasonable precautions to prevent injury to them and to maintain reasonable safeguards for their safety, including the posting of danger signs. Further, the complaint essentially alleged that defendant breached its duty in negligently failing to remove dangerous ruts and accumulations of ice; failed to warn or post signs regarding the dangerous conditions of the premises; and failed to provide reasonable protections to prevent injury to workers on the premises in violation of its contractual obligations.

The record establishes that defendant was hired to perform construction work for the local school district. Defendant subcontracted the electrical work to Homestead. The subcontract between defendant and Homestead, which was not appended to the complaint, provided, in pertinent part:

"10.2.2 The Contractor shall take reasonable precautions for safety of, and shall provide reasonable protection to prevent damage, injury or loss to:

.1 employees on the Work and other persons who may be affected thereby[.]"

The contract further provided:

"10.2.3 The Contractor shall erect and maintain, as required by existing conditions and performance of the Contract, reasonable safeguards for safety and protection, including posting danger signs and other warnings against hazards \*\*\*."

On July 12, 1991, defendant moved for summary judgment, arguing that it did not have a duty to warn of or to remove a natural accumulation of ice and snow. In support of its position, defendant cited *Harkins v. System Parking, Inc.* (1989), 186 Ill. App. 3d 869 (ruts and uneven surfaces created by traffic on snow and ice are not considered unnatural accumulations and cannot form the basis of liability), and *Galivan v. Lincolnshire Inn* (1986), 147 Ill. App. 3d 228 (property owner has no duty to remedy and is not liable for injuries caused by natural accumulation of ice and snow; ruts and uneven surfaces caused by traffic usage not unnatural accumulation). On August 19, 1991, after hearing the arguments of counsel, the trial court concluded that, as a matter of law, the contract between the parties did not impose additional duties for the removal of ice and snow, and the court entered summary judgment for defendant.

On appeal, plaintiff again contends that the contractual agreement imposed additional duties upon defendant to remove the snow and ice or warn of any hazardous condition occasioned by their presence. Plaintiff concedes that the condition of the driveway was the result of a natural accumulation of snow and ice. However, plaintiff argues that the common-law rule that an occupier of land owes no duty to remove natural accumulations of snow and ice does not apply in this case because defendant's duty arises from its contract. Defendant further argues that the terms of the contract need not be specific to require defendant to remedy the situation arising from the presence of ice and snow. We disagree with plaintiff's application of the law to the facts of this case.

■ An owner or occupier of property has a duty to invitees to maintain the property in a reasonably safe condition. (*Wolter v. Chicago Melrose Park Associates* (1979), 68 Ill. App. 3d 1011, 1019.) In the absence of a contractual obligation, there is no common-law duty on the part of the owner (or occupier) of property to remove accumulations of ice or snow from areas maintained for the use of his invitees where the accumulation is a natural one and is not caused or aggravated by the owner. (*Wells v. Great Atlantic & Pacific Tea Co.* (1988), 171 Ill. App. 3d 1012, 1017.) However, a voluntary undertak-

ing to remove snow and ice may subject the owner to liability if the removal is performed negligently. (*Wells*, 171 Ill. App. 3d at 1017.) Whether a defendant has the duty to warn plaintiff of the condition of the premises is contingent upon the finding that the ice or snow resulted from an unnatural or artificial accumulation. *Wolter*, 68 Ill. App. 3d at 1019; see *Galivan*, 147 Ill. App. 3d at 230.

■ Additionally, in slip-and-fall cases, the plaintiff must affirmatively show that the accumulation of ice or snow is due to unnatural causes and that the property owner had actual or constructive knowledge of the condition. (*Gilberg v. Toys "R" Us, Inc.* (1984), 126 Ill. App. 3d 554, 557.) Here, plaintiff concedes that the ice and snow constituted a natural accumulation. (See *Galivan*, 147 Ill. App. 3d 228.) Therefore, defendant has no liability under the traditional rules of negligence applied in a slip-and-fall case.

■ Plaintiff argues that defendant had a contractual duty to remove or warn of the condition created by the ice and snow. However, our examination of the contract persuades us that it only imposes a duty of a very general nature to maintain the work area in a reasonably safe condition—a duty no greater than would be imposed at common law on an owner or occupier of the property. Where a defendant is charged with negligence because of his failure to perform an act allegedly required by contract, the question whether the defendant had a duty to perform the act is determined by the terms of the contract. (*Perkaus v. Chicago Catholic High School Athletic League* (1986), 140 Ill. App. 3d 127, 134.) The defendant's duties will not be expanded beyond the scope of the duties described in the contract. *B.C. v. J.C. Penney Co.* (1990), 205 Ill. App. 3d 5, 13-14; *Perkaus*, 140 Ill. App. 3d at 134.

Plaintiff concedes that imposing upon defendant a duty to clear snow and ice exceeds the express language of the contract, but argues that the language could be interpreted to include such a duty; therefore, the interpretation of the contract becomes a question for the trier of fact. We disagree. Whether an agreement is ambiguous is a matter of law for the court to determine. *Aqua-Aerobic Systems, Inc. v. Ravitts* (1988), 166 Ill. App. 3d 168, 171.

A contract is ambiguous only if it is *reasonably* susceptible of different constructions; it is not ambiguous if the court can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of the language in general, its meaning depends; contracts are not rendered ambiguous merely because the parties do not agree upon their proper construction. (*Shultz v. Delta-Rail Corp.* (1987), 156 Ill. App. 3d 1, 10.) In such a case, the

intent of the parties must be determined from the language of their agreement alone. (*Berutti v. Dierks Foods, Inc.* (1986), 145 Ill. App. 3d 931, 934.) Any particular interpretation that only the plaintiff may have envisioned at the time the contract was executed is immaterial. (*Metro East Sanitary District v. Village of Sauget* (1985), 131 Ill. App. 3d 653, 658.) A court will not add another term about which an agreement is silent; no word can be added to or taken from the agreement to change the plain meaning of the parties as expressed therein. *La Salle National Bank v. City of Warrenville* (1982), 105 Ill. App. 3d 643, 647.

The duty which plaintiff claims existed goes beyond the agreement of the parties and exceeds the scope of the undertaking. (See *J.C. Penney*, 205 Ill. App. 3d at 14 (contractor's agreement to take precautions for safety of property and employees would not be extended to impose duty to prevent crime from occurring at site).) Defendant only assumed a general duty of care to keep the workplace reasonably safe and assumed no duty greater than would be ordinarily expected of a landowner. There is no express provision in the contract for the removal of snow and ice from the construction site.

Plaintiff's interpretation of the general provisions of the contract is unreasonably strained, and we will not add terms to the contract where it is silent. Since the accumulation of snow and ice was natural, defendant was under no special duty to remove it or warn of its possible danger. (See *Choi v. Commonwealth Edison Co.* (1991), 217 Ill. App. 3d 952, 957 (defendant's duty to maintain reasonably safe workplace did not extend to taking precautions against danger posed by water from melted snow and tracked inside from a natural accumulation outside).) Plaintiff has not demonstrated the existence of a duty which was breached by defendant and which would subject it to liability. Since there is no triable issue of fact, the trial court properly granted summary judgment to defendant. See *Choi*, 217 Ill. App. 3d at 956-57.

The judgment of the circuit court is affirmed.

Affirmed.

INGLIS, P.J., and DUNN, J., concur.