ANN A. KOTARBA, Plaintiff-Appellant, v. FLORENCE V. JAMROZIK,
Defendant (Steve Slobodian, Defendant-Appellee).

First District (6th Division)   No. 1—95—3152

Opinion filed August 23, 1996.

Shelton & Younes, of Chicago, for appellant.

Hinshaw & Culbertson, of Chicago (Nancy G. Lischer and James Har-
bert, of counsel), for appellee.

PRESIDING JUSTICE ZWICK delivered the opinion of the court:
On December 18, 1992, plaintiff, Ann A. Kotarba, slipped and fell
as she descended the stairs just outside her apartment. As a result of
her fall, she suffered serious injuries. Plaintiff sued defendant, Flor-

ence V. Jamrozik, the owner of the building, and later, after taking his deposition testimony, plaintiff filed an amended complaint naming Steve Slobodian as a party defendant. Plaintiff alleged that Slobodian had worked as a handyman in the building and had varnished the stairs on which she had fallen.

Plaintiff settled her claims with defendant Jamrozik and proceeded against Slobodian alone. The trial court subsequently dismissed Slobodian on summary judgment, pursuant to section 2—1005 of the Code of Civil Procedure. 735 ILCS 5/2—1005 (West 1994). Plaintiff appeals from the trial court's order with respect to defendant Slobodian. We affirm.

Summary judgment is properly granted when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005 (West 1992); *Addison v. Whittenberg*, 124 Ill. 2d 287, 294, 529 N.E.2d 552 (1988). An order allowing summary judgment will be reversed on appeal if the reviewing court determines that a genuine issue of material fact exists. *Addison*, 124 Ill. 2d at 294. Review in the appellate court of a grant of summary judgment is *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102, 607 N.E.2d 1204 (1992).

Plaintiff alleged in her amended complaint that Slobodian was negligent and had violated the Chicago Building Code in (1) failing to install a second banister in the stairway where plaintiff fell, and (2) allowing the stairway to remain in a slippery and dangerous condition. Although plaintiff fell approximately nine months after Slobodian had varnished the stairway, plaintiff presented the affidavit of an expert who stated that it was "customary" to install a nonslip surface on a wooden stairway after varnishing it and that the stairs where plaintiff fell were otherwise "too slippery," thereby creating a dangerous condition. Plaintiff's expert also stated that he had inspected the stairway where plaintiff fell and that the stairway was wider than 44 inches. He stated that the stairway violated section 13—160—320 of the Chicago Building Code (requiring a second handrail on staircases wider than 44 inches) and section 13—160—330 of the Chicago Building Code (requiring the finished surface of stair treads not cause a slippery condition). Chicago Building Code §§ 13—160—320, 13—160—330 (1994-95).

In order to recover in a negligence action, a plaintiff must establish that defendant owed plaintiff a duty of care, that defendant breached that duty, and that plaintiff's injury proximately resulted from such breach. *Rowe v. State Bank*, 125 Ill. 2d 203, 531 N.E.2d

1358 (1988). Although the issues of breach of duty and proximate cause are factual matters, the question of the existence of a duty is one of law. *Curtis v. County of Cook*, 98 Ill. 2d 158, 456 N.E.2d 116 (1983). Duty is defined as "a legal obligation to conform one's conduct to a certain standard for the benefit or protection of another." *Rabel v. Illinois Wesleyan University*, 161 Ill. App. 3d 348, 356, 514 N.E.2d 552 (1987); *Duncan v. Rzonca*, 133 Ill. App. 3d 184, 478 N.E.2d 603 (1985).

■ The issue is whether the relationship between plaintiff and Slobodian was such that Slobodian was under a legal obligation to act for plaintiff's benefit. See *Rowe*, 125 Ill. 2d at 215. The determination of whether a duty exists is contingent upon a variety of factors, and the weight accorded each factor depends upon the particular circumstances of the case. *O'Hara v. Holy Cross Hospital*, 137 Ill. 2d 332, 339, 561 N.E.2d 18 (1990). Factors to be considered include: (1) the reasonable foreseeability by Slobodian of injury to the plaintiff, (2) the likelihood of injury to the plaintiff, (3) the magnitude of effort required by Slobodian to guard against the injury, and (4) the consequences of placing that burden upon Slobodian. See *Benner v. Bell*, 236 Ill. App. 3d 761, 764-65, 602 N.E.2d 896 (1992). A duty sufficient to support liability in tort may be supported by the existence of a statute imposing such a duty (see *Widlowski v. Durkee Foods*, 138 Ill. 2d 369, 373-74, 562 N.E.2d 967 (1990) (court properly considers public policy and social requirements of the time and community in imposing duty), or from a contractual obligation undertaken by the defendant (see, *e.g.*, *Schoondyke v. Heil, Heil, Smart & Golee, Inc.*, 89 Ill. App. 3d 640, 411 N.E.2d 1168 (1980) (condominium association undertook duty toward nonowner by agreeing to provide snow removal for association complex)). The lack of privity between defendant Slobodian and the plaintiff does not preclude the imposition of a legal duty upon him. See *Hunt v. Blasius*, 74 Ill. 2d 203, 384 N.E.2d 368 (1978).

■ After considering the relevant factors, we conclude that defendant Slobodian owed plaintiff no duty either to add an additional handrail or to install a nonslip surface over the revarnished stairs on which plaintiff fell. The record demonstrates Slobodian did not exercise management or other control over the building but, rather, was limited in his authority to the performance of work authorized by Jamrozik, the building's owner. Where a defendant is charged with negligence because of his failure to perform an act allegedly required by contract, the question of whether the defendant had a duty to perform the act is determined by the terms of the contract itself. *American States Insurance Co. v. A.J. Maggio Co.*, 229 Ill. App.

3d 422, 426, 593 N.E.2d 1083 (1992); *Perkaus v. Chicago Catholic High School Athletic League,* 140 Ill. App. 3d 127, 134, 488 N.E.2d 623 (1986). Here, plaintiff has offered no evidence to suggest that Slobodian had agreed to install a second banister on the staircase or to add carpeting or other nonslip runner to the floor. The defendant's duties will not be expanded beyond the scope of duties required by the contract. *Perkaus,* 140 Ill. App. 3d at 134; *B.C. v. J.C. Penney Co.,* 205 Ill. App. 3d 5, 13-14, 562 N.E.2d 533 (1990).

Plaintiff's reliance on the Chicago Building Code as a basis of imposing a duty in tort upon Slobodian is misplaced. Enforcement of the provisions relied upon by plaintiff are expressly limited by the Code to the owner of a building or "his agent for the purpose of managing, controlling or collecting rents" or "person[s] managing or controlling [the] building or premises." Chicago Building Code § 13—12—020 (1994-95). While deposition testimony indicates that it was Slobodian who first suggested to Jamrozik that the stairway needed to be revarnished, Slobodian was not the building's owner and nothing indicates that Slobodian had contracted with Jamrozik to control or manage the building.

Plaintiff claims that Slobodian, in varnishing the stairs, made the surface of the runners "too slippery," thereby causing a dangerous condition. While we agree with plaintiff that Slobodian had a duty in varnishing the stairs not to create an unreasonably dangerous condition, we do not agree that the mere allegation that Slobodian made the floor "too slippery" is sufficient to withstand summary judgment.

In cases involving slips and falls on floors and steps as a result of allegedly defective surfaces, proof of proximate cause requires evidence that the materials used, or the manner in which such materials were applied to the floor surface, were improper. Subjective, conclusory testimony that the surface was too slippery is insufficient.

In *Lucker v. Arlington Park Race Track Corp.,* 142 Ill. App. 3d 872, 492 N.E.2d 536 (1986), for example, the only evidence of defendant's negligence with respect to a slip and fall on a floor was the testimony of a witness that the floor "looked freshly painted," "had a high gloss," and was "slippery under foot." *Lucker,* 142 Ill. App. 3d at 873. The court held that "subjective verbal characterizations of the floor as slippery," without more, are insufficient to permit the case to go to trial. *Lucker,* 142 Ill. App. 3d at 874. The court stated:

> "[T]estimony that a floor is slick, slippery or polished is insufficient to establish negligence because it does not give the trier of fact a basis for balancing the defendant's conduct against the

requisite standard of care. This type of 'subjective verbal characterization,' *i.e.*, that a floor is slick, slippery or polished, does not \*\*\* permit a jury to 'fairly and intelligently weigh the owner's conduct in the care of his floors and its causal relationship to plaintiff's fall.' \*\*\* [T]hese descriptions are hopelessly lacking in precision of meaning and do not furnish a jury any evidence of probative value." *Lucker*, 142 Ill. App. 3d at 874, quoting *Dixon v. Hart*, 344 Ill. App. 432, 438 (1951). See also *Schmidt v. Cenacle Convent*, 86 Ill. App. 2d 150, 153, 229 N.E.2d 413 (1967) (judgment reversed where only evidence was that floor was "well-polished" and "highly waxed"); *Turner v. Chicago Housing Authority*, 11 Ill. App. 2d 160, 163, 136 N.E.2d 543 (1956) (trial court improperly disallowed defendant's directed verdict motion where only evidence was that floor was "slippery" and "unpainted").

We hold that, in the absence of an allegation of some specific act of negligence such as an allegation that Slobodian selected an inappropriate varnish for the stairs or that he improperly applied the varnish in some way, there are no facts to warrant submitting this case to trial. Accordingly, the trial court properly granted Slobodian's motion for summary judgment.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and RAKOWSKI, JJ., concur.